IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                    NO. 2:25-CR-106-Z

ERNESTO DANIEL RODRIGUEZ-DE LA
  CRUZ

## FACTUAL RESUME

In support of Ernesto Daniel Rodriguez-De la Cruz's plea of guilty to the offense

in Count One of the Indictment, Rodriguez-De la Cruz; the defendant, Ryan Patrick

Brown; the defendant's attorney, and the United States of America (the government)

stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation

of 18 U.S.C. §§ 922(g)(5)(A), 924(a)(8), that is, Illegal Alien in Possession of Firearms,

the government must prove each of the following elements beyond a reasonable doubt:[1]

Illegal Alien in Possession of Firearms:

*First.*      That the defendant knowingly possessed a firearm as charged;

*Second.*    That when the defendant possessed the firearm, the defendant was an
alien illegally or unlawfully in the United States;

*Third.*     That the defendant knew he was an alien illegally or unlawfully in
the United States; and

*Fourth.*    That the firearm possessed traveled in or affected interstate or
foreign commerce; that is, before the defendant possessed the

---

[1] Fifth Circuit Pattern Jury Instruction 2.43D, 1.48, 2.03 (5th Cir. 2024).

**Ernesto Daniel Rodriguez-De la Cruz**
**Factual Resume—Page 1**

firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or any destructive device.

An "alien" is any person who is not a natural-born or naturalized citizen of the United States.

## STIPULATED FACTS

1.      Ernesto Daniel Rodriguez-De la Cruz admits and agrees that on or about July 8, 2024, in the Amarillo Division of the Northern District of Texas, and elsewhere, he, knowing that he was an alien illegally and unlawfully in the United States, did knowingly possess in and affecting interstate and foreign commerce firearms, to wit a: (1) Kimber, Model Solo CDP, 9mm handgun, serial number S1122642; (2) Springfield, Model XD, 9mm handgun serial number XD257887; (3) Ruger, Model Mini 14, .223 rifle, serial number 183-0265S; and (4) Mossberg, Model 188, 12-gauge shotgun, serial number MV68949S.  In violation of Title 18, United States Code, Sections 922(g)(5)(A), 924(a)(8).

2.      On July 2, 2024, a special agent with the National Highway Traffic Safety Administration (NHTSA) obtained a federal search warrant for a residence in Amarillo, Texas, which is in the Amarillo Division of the Northern District of Texas.  This search warrant was based upon probable cause to believe that Ernesto Daniel Rodriguez-De la Cruz and his family in New Mexico were involved in selling vehicles with rolled back odometers.

3.      Homeland Security Investigations (HSI) agents knew that Rodriguez-De la Cruz was a citizen and national of Mexico who was illegally in the United States. Accordingly, they assisted with the execution of the search warrant.

4.      On July 8, 2024, the Texas Department of Public Safety (DPS), HSI, NHTSA, and the Potter County Sheriff's Office executed the search warrant. There were two people in the residence, Rodriguez-De la Cruz and his son. Officers found the following: (1) an HSI special agent found a silver a Kimber, Solo CDP, 9mm handgun, serial number S1122642 in the master bedroom of the house, next to the bed with Rodriguez-De la Cruz's Mexican passport; (2) a Springfield, XD, 9mm handgun, serial number XD257887 in the north addition of the house in a hutch; (3) a Ruger, Mini 14, .223 rifle, serial number 183-0265S in the master bedroom closet; and (4) a Mossberg, model 188, 12-gauge shotgun, serial number MV68949S, located in the master bedroom closet. The Kimber had been reported stolen in Albuquerque, New Mexico.

5.      During the search, the Rodriguez-De la Cruz's son was present and he stated that only he and his dad (the defendant) lived at the house. He said that his parents had been separated for years, and his mother lived elsewhere in Amarillo. The son said he was under 21 years of age and did not have any guns. He said that he knew his father had a rifle and a shotgun. He said that the pistols must belong to his dad.

6.      Rodriguez-De la Cruz elected not to speak with agents, but when informed of the seizure, Rodriguez-De la Cruz said that he used the guns to protect his family and pets from stray dogs that roamed the area and questioned how he would perform this task

without the firearms.  Rodriguez-De la Cruz admits that he knowingly possessed the aforementioned firearms.

7.     HSI confirmed that as of July 8, 2024, Rodriguez-De la Cruz was an alien illegally and unlawfully in the United States.  Although he had applied for visas and border crossing cards from 1990-2008, he had no legal status as of 2024.  Rodriguez-De la Cruz admits that he knew he was an alien illegally and unlawfully in the United States.

8.     An interstate nexus expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives confirmed that none of the firearms were manufactured in the State of Texas.  Accordingly, each of those firearms must have traveled in or affected interstate or foreign commerce; that is, before Rodriguez-De la Cruz possessed each firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

9.     Rodriguez-De la Cruz agrees that he committed all the essential elements of the offense alleged in Count One of the Indictment.  Specifically, he agrees that he knowingly possessed the firearms described above while being an alien illegally and unlawfully in the United States, that he knew he was an alien illegally and unlawfully in the United States, and that the firearms traveled in interstate or foreign commerce.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case.  The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

10.     Rodriguez-De la Cruz further admits and agrees that he possessed the above-described firearms in violation of 18 U.S.C. § 922(g)(5)(A) and they are therefore subject to forfeiture to the United States, pursuant to 18 U.S.C. § 924(d), including any additional ammunition, magazines, and accessories recovered with the firearms.

AGREED TO AND STIPULATED on this 16ᵗʰ day of ___March___, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
ERNESTO RODRIGUEZ-DE LA CRUZ
Defendant

_____
RYAN PATRICK BROWN
Attorney for Defendant

_____
JEFFREY R. HAAG
Assistant United States Attorney
West Texas Branch Chief
Texas Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Tel:  806-472-7559
Fax:  806-472-7394
Email:  jeffrey.haag@usdoj.gov

Ernesto Daniel Rodriguez-De la Cruz
Factual Resume—Page 5